**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Albert Arms, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   10 C 8054 |
| Capital Management Services, LP, a Delaware limited partnership, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Albert Arms, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Albert Arms ("Arms"), is a citizen of the State of California from whom Defendant continued to attempt to collect a delinquent consumer debt he owed for a Bank of America credit card, despite the fact that he had demanded, through the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois, that Defendant

cease its collection actions.

4. Defendant, Capital Management Services, LP ("CMS"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. CMS collects delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

5. Defendant CMS is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, CMS conducts business in Illinois.

6. Moreover, Defendant CMS is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, CMS acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7. Mr. Arms is a disabled senior citizen, with limited assets and income, who fell behind on paying his bills. When Defendant CMS began trying to collect a delinquent Bank of America debt from Mr. Arms, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant CMS's collection actions.

8. On September 1, 2010, one of Mr. Arms' attorneys at LASPD told CMS, in writing, that Mr. Arms was represented by counsel, and directed CMS to cease contacting him, and to cease all further collection activities because Mr. Arms was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, on September 14, 2010, Defendant CMS sent a collection letter directly to Mr. Arms that demanded payment of the Bank of America debt. A copy of this letter is attached as Exhibit D.

10. Accordingly, on November 3, 2010, one of Mr. Arms' LASPD attorneys had to write to Defendant CMS again to demand that it cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit E.

11. All of Defendant CMS's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant CMS's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Mr. Arms' agent, LASPD, told Defendant CMS to cease communications and cease collections (Exhibit C). By continuing to communicate regarding this debt and demanding payment, Defendant CMS violated § 1692c(c) of the FDCPA.

16. Defendant CMS's violation of § 1692c(c) of the FDCPA renders it liable for

statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

17.     Plaintiff adopts and realleges ¶¶ 1-12.

18.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

19.     Defendant CMS knew that Mr. Arms was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant, in writing (Exhibit C), that he was represented by counsel, and had directed Defendant CMS to cease directly communicating with Mr. Arms.  By directly sending Mr. Arms the September 14, 2010 collection letter (Exhibit D), despite being advised that he was represented by counsel, Defendant CMS violated § 1692c(a)(2) of the FDCPA.

20.     Defendant CMS's violation of § 1692c(a)(2) of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Albert Arms, prays that this Court:

1.      Find that Defendant CMS's debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Arms, and against Defendant CMS, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Albert Arms, demands trial by jury.

                                        Albert Arms,

                                        By: /s/ David J. Philipps
                                        One of Plaintiff's Attorneys

Dated: December 20, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com